■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN MCALONEY, Appellant. [767 NYS2d 914]—

Appeal by the defendant from a judgment of the County

Court, Orange County (Pano Z. Patsalos, J.), rendered October 15, 1998, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant also has not preserved for appellate review his contention that the trial court's instruction to the jury on reasonable doubt effectively shifted the burden of proof from the prosecution to him (*see* CPL 470.05 [2]). In any event, it was proper for the trial court to instruct the jury that "a reasonable doubt is doubt for which some reason can be given" (*see People v Robinson,* 218 AD2d 673 [1995], *affd* 88 NY2d 1001 [1996]). "That jurors be able to give a reason for their doubt if called upon to do so in the jury room is an appropriate instruction as a basic tenet of the jury deliberation process" (*People v Robinson, supra* at 674 [internal quotation marks omitted]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 86 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.