■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL JOHNSON, Appellant. [828 NYS2d 431]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 17, 2002, convicting him of attempted robbery in the first degree (three counts), unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the course of a June 7, 2002 bank robbery attempt, the defendant possessed a loaded shotgun and briefly took a hostage. On appeal, he argues, inter alia, that portions of the court's charge to the jury were improper, and that the merger doctrine applies in this case.

The defendant's contention that the trial court's instructions to the jury mistakenly created the impression that the burden of proof rested with the defendant is unpreserved for appellate review. In any event, it is without merit. The trial court's charge to the jury, taken as a whole, conveyed the proper standards which were to be applied (see People v Fields, 87 NY2d 821, 823 [1995]).

The defendant's argument with respect to the merger doctrine was also unpreserved for appellate review as it was not raised with specificity in the County Court (see CPL 470.05 [2]). In any event, the merger doctrine has no application in this case (see People v Smith, 47 NY2d 83, 87 [1979]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85 [1982]). Miller, J.P., Crane, Lifson and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEK LILLY, Appellant. [827 NYS2d 678]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Parker, J.), imposed October 13, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Schmidt, Krausman, Spolzino and Dillon, JJ., concur.