■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOLAN SEATON, Appellant. [847 NYS2d 116]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 2, 2005, convicting him of robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's charge to the jury, taken as a whole, conveyed the proper standard as to the burden of proof (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Johnson*, 35 AD3d 885 [2006]). The defendant's remaining contention concerning the charge is not preserved for appellate review (*see People v Jiggetts*, 23 AD3d 582 [2005]; *People v Quinones*, 235 AD2d 437, 437 [1997]) and we decline to review it in the exercise of our interest of justice jurisdiction. Moreover, the defendant was not deprived of the effective assistance of counsel by his attorney's failure to object to stated portions of the charge (*see People v Benevento*, 91 NY2d 708 [1998]).

The defendant's contention that the persistent violent felony

offender sentencing scheme under Penal Law § 70.08 violates the principles announced in *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001]; *People v Hargroves*, 27 AD3d 765 [2006]).

Finally, the defendant's contention, raised in his supplemental pro se brief, that he was deprived of a fair trial by the People's failure to provide him with witness statements, police reports, and a 911 tape in violation of *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady v Maryland* (373 US 83 [1963]) is unpreserved for appellate review and, in any event, without merit. Similarly, his contention that he was denied the effective assistance of appellate counsel in connection with this appeal cannot be addressed on this appeal (*see People v Kessler*, 31 AD3d 786 [2006]; *People v Velez*, 286 AD2d 406 [2001]). The remaining contentions raised in the defendant's supplemental pro se brief are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.