■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK BURNETT, Appellant. [902 NYS2d 420]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered July 21, 2008, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review

the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The defendant contends that the arresting officer's testimony was incredible. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Blankumsce*, 66 AD3d 692, 693 [2009]; *People v Cooks*, 57 AD3d 796, 797 [2008]). Here, the officer's testimony at the suppression hearing was not incredible or otherwise unworthy of belief (*see People v Blankumsce*, 66 AD3d at 693; *People v Cooks*, 57 AD3d at 797).

The defendant's contentions that the Supreme Court failed to properly charge the jury on the presumption of innocence and on the People's burden of proving his guilt beyond a reasonable doubt are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hall*, 56 AD3d 798, 799 [2008]; *People v Johnson*, 35 AD3d 885 [2006]). In any event, the jury charge as a whole correctly explained the concepts of the presumption of innocence and the People's burden of proving the defendant's guilt beyond a reasonable doubt to the jury and "adequately apprised the jury of the proper standard of proof to apply to the evidence before it" (*People v Blackshear*, 112 AD2d 1044, 1045-1046 [1985]). Consequently, the defendant was not deprived of a fair trial (*see People v Grant*, 294 AD2d 597, 597 [2002]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Fisher, J.P., Santucci, Miller and Lott, JJ., concur.