■ The People of the State of New York, Respondent, v Don Terry, Appellant. [912 NYS2d 122]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 1, 2008, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 25 years to life for each count of robbery in the second degree, and a determinate term of one year for criminal possession of stolen property in the fifth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences of imprisonment for robbery in the second degree from terms of imprisonment of 25 years to life to 20 years to life; as so modified, the judgment is affirmed.

When charges against codefendants are properly joined in a single indictment, motions for separate trials are addressed to the discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183 [1989]). When such a motion is made, "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (id. at 184; see People v Cardwell, 78 NY2d 996, 997-998 [1991]). Here, the trial court did not err in denying the defendant's motions to sever his trial from that of the codefendant inasmuch as the defenses asserted by the defendant and the codefendant were not in irreconcilable conflict with each other such that there was a danger that the conflict alone would have led the jury to infer the defendant's guilt (see People v Turnbull, 52 AD3d 747 [2008]; see People v Martins, 306 AD2d 423 [2003]).

The defendant's claims relating to the identification at trial of an accomplice not on trial, the trial court's instructions on reasonable doubt, and the trial court's instructions regarding the need for separate verdicts as to each defendant are unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, do not warrant reversal (see CPL 470.15 [6] [a]; People v Monroe, 40 NY2d 1096, 1098 [1977]; People v Johnson, 35 AD3d 885 [2006]; People v Sanchez, 29 AD3d 608 [2006]; People v McAloney, 2 AD3d 538, 539 [2003]; People v Grant, 294 AD2d 597 [2002]; People v Blackshear, 112 AD2d 1044, 1045-1046 [1985]).

The defendant failed to preserve his claim that the statutory

procedure underlying his adjudication and sentencing as a persistent violent felony offender was unconstitutional (see CPL 470.05 [2]; Apprendi v New Jersey, 530 US 466 [2000]; People v Alvarez, 76 AD3d 1098 [2010]), and, in any event, the claim is without merit (see People v Leon, 10 NY3d 122, 126 [2008], cert denied 128 S Ct 2976 [2008]; People v Alvarez, 76 AD3d at 1099).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.