■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL LOPEZ, Appellant. [940 NYS2d 313]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 1, 2010, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Latella, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Shortly before 2:00 A.M. on November 25, 2008, two complainants were robbed at knifepoint by four men who took property from one of the complainants, including two $2 bills. The complainants summoned the police and joined them in canvassing the neighborhood. Within a few minutes, one of the complainants indicated that he saw a man thought to be one of the robbers. The police stopped this individual and began questioning him. The defendant approached, identified himself as a friend of this individual, and asked what was going on. An officer asked the defendant to stand alongside this man, and the complainants identified both of them as being members of the group that had robbed them. The defendant was found in possession of two $2 bills.

Following a pretrial hearing, the defendant's motion, inter alia, to suppress his identification on the ground that it was the result of an unduly suggestive showup was denied.

The simultaneous viewing of the defendant and another individual by both complainants did not render the showup, conducted in close temporal and spatial proximity to the crime, unduly suggestive. Therefore, that branch of the defendant's omnibus motion which was to suppress the resulting identification was properly denied (*see People v Samuels*, 39 AD3d 569, 570 [2007]; *People v Fox*, 11 AD3d 709 [2004]; *People v Colson*, 148 AD2d 626 [1989]).

The defendant's contention that certain testimony improperly bolstered the complainants' identification testimony is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, does not warrant reversal (*see* CPL 470.15 [6]; *People v Terry*, 78 AD3d 1207 [2010]; *People v Fleming*, 76 AD3d 582 [2010]).

There is no merit to the defendant's contention that testimony regarding a cell phone found in his possession at the time of his arrest constituted improper evidence of an uncharged robbery. The testimony was part of the narrative of events, did not expressly connect the defendant with an uncharged crime, and was properly limited by the court's instruction (*see People v Williams*, 197 AD2d 722 [1993]; *People v Sanzo*, 122 AD2d 817, 818 [1986]). Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.