OPINION OF THE COURT
Memorandum.
In each case the order of the Appellate Division should be reversed and a new trial ordered.
Appellants George Cardwell and Herman Goss, along with a third codefendant Johnnie McCoy, were charged with two counts of second degree murder, one count of first degree robbery, and two counts of second degree criminal possession of a weapon. These charges arose from a robbery and fatal shooting at a Queens candy store. The three codefendants were tried together before a Queens jury after their motion for severance was denied. McCoy was acquitted of all charges, while Goss and Cardwell were both convicted.
On appeal, we consider whether the Trial Judge abused his discretion in refusing to sever the trials of Goss and Cardwell from those of each other and from that of McCoy. We conclude, based on our holding in People v Mahboubian (74 NY2d 174), that the trials should have been severed and that Goss and Cardwell are entitled to a new trial.
"[I]n all cases a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses” (People v Mahboubian, supra, at 183). An application for severance is addressed to the discretion of the Trial Judge, and the Judge’s ruling will ordinarily not be disturbed (People v Cruz, 66 NY2d 61, revd on other grounds and remanded 481 US 186, on remand 70 NY2d 733). However, the Trial Judge’s discretion is not absolute.
In Mahboubian (supra) we set forth a two-part test for determining whether severance is required, stating that "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a *998 significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant’s guilt” (id., at 184).
Since the District Attorney concedes in this case that the defenses of Goss and Cardwell on the one hand and that of McCoy on the other are in irreconcilable conflict, we turn our attention to the second prong of the Mahboubian test.
As we noted in Mahboubian, any inquiry into the prejudicial effect of the denial of a severance motion is necessarily fact-specific. While a trial court must decide a severance motion "prospectively, based on its discretionary assessments of the strategies and evidence as forecast by the parties,” appellate courts have the benefit of a "full trial record by which they may, within the ambit of their * * * review powers, determine the existence of irreconcilable conflict and its possible effect on the verdict” (id., at 184-185).
Special factors unique to this case compel us to conclude that there should have been a severance. These factors include the conduct of the trial itself. While no one factor is dispositive in such matters, we note that in this case McCoy’s attorney took an aggressive adversarial stance against both Goss and Cardwell, in effect becoming a second prosecutor. Goss’ attorney then responded by attempting to impeach McCoy’s story with evidence of a recantation, which elicited an assertion from McCoy that the recantation had been induced by Cardwell’s threats — damaging evidence elicited not by the People, but by a codefendant. As in Mahboubian, this entire situation "created the sort of compelling prejudice that could have been avoided by the grant of the requested severance” (id., at 186).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
In People v Cardwell: Order reversed, etc.
In People v Goss: Order reversed, etc.