■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB HIKEL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 24, 1989, convicting him of robbery in the first degree (three counts), grand larceny in the second degree, and grand larceny in the third degree (two counts), upon a

jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court improperly exercised its discretion in refusing to sever his trial from that of his codefendants. We disagree. " '[I]n all cases a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses' " *(People v Cardwell,* 78 NY2d 996, 997, quoting *People v Mahboubian,* 74 NY2d 174, 183). An application for separate trials is addressed to the discretion of the trial court, and the court's ruling will ordinarily not be disturbed *(People v Cruz,* 66 NY2d 61, *revd on other grounds and remanded* 481 US 186, *on remand* 70 NY2d 733).* However, the trial court's discretion is not absolute *(People v Cardwell, supra).* Separate trials are " 'compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt' " *(People v Cardwell, supra,* at 997-998, quoting *People v Mahboubian,* 74 NY2d 174, 184, *supra).* This is especially so where one defense attorney takes an aggressive adversarial stance against the other defendants and elicits damaging evidence against them, creating " 'the sort of compelling prejudice that could have been avoided by the grant of the requested severance' " *(People v Cardwell, supra,* at 998, quoting *People v Mahboubian,* 74 NY2d 174, 186, *supra).* Contrary to the defendant's contention, the record in the instant case does not support such a finding. That one of the robbery victims cried at trial and testified that she vomited during the robbery does not establish that there was a substantial difference in the quantity and quality of the evidence with respect to each defendant such that a separate trial would have assisted the proper administration of justice *(see,* CPL 200.20 [3] [a]; *People v Lane,* 56 NY2d 1, 7; *People v Squires,* 171 AD2d 893, 894; *People v McNeil,* 165 AD2d 882, 883; *People v Kroll,* 162 AD2d 717, 718; *People v Griffin,* 135 AD2d 730, 731). Moreover, the defendant has failed to show that he was prejudiced by the joint trial, or that there was irreconcilable conflict between the defenses of each of the codefendants.

We have considered the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.