■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CHAPLIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered July 5, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court did not err in denying the defendant's motion to sever his trial from that of the codefendant. The decision to grant or deny a separate trial is vested in the sound judgment of the Trial Judge. The defendant's burden to demonstrate an improvident exercise of that discretion is a substantial one. An allegation of prejudice alone does not outweigh the policy favoring joinder *(see, People v Mahboubian,* 74 NY2d 174). It must appear that a joint trial will, or did, result in prejudice to the moving party and substantially impair that party's defense *(see, People v Mahboubian, supra).* Where, as here, the proof against two defendants is supplied by the same evidence, only the most cogent reasons warrant separate trials. Here, the defendant's attorney did not articulate a sufficient basis to support the motion. His speculation that the codefendant would pursue an agency defense was an insufficient basis for the trial court to order separate trials *(see, People v Mahboubian, supra; People v Stuckey,* 147 AD2d 724; *People v Burroughs,* 127 AD2d 843). Further, unlike the situation presented in *People v Cardwell* (78 NY2d 996), the defendant did not incur prejudice as a result of the joint trial, nor were the defenses in irreconcilable conflict with each other. During the presentation of the People's case at trial the codefendant pleaded guilty to a lesser charge and did not

testify against the defendant. After presenting his version of the events, the defendant was not cross-examined by counsel for the codefendant. The dissent, in finding that the defendant was prejudiced by a joint trial, relies heavily upon testimony elicited by the codefendant's counsel, from the arresting officer, that at the time of his arrest the defendant was in possession of $62. However, we do not find that such testimony prejudiced the defendant's case, as it is well settled that, in narcotics cases, where a count of possession of a controlled substance with intent to sell is charged, additional cash found on the defendant's person may be introduced into evidence regarding the defendant's intent to sell (see, People v Arimont, 161 AD2d 769; People v Calada, 154 AD2d 700). In any event, the defendant's mere possession of $62 could not have weighed heavily toward any conclusion that the defendant was involved in the business of selling narcotics.

Nor was the defendant prejudiced by his absence from the precharge conference. The defendant's absence did not affect his ability to defend himself against the charges in any way, and thus did not violate his due process right to be present at trial (see, People v Rodriguez, 76 NY2d 918; People v Dokes, 173 AD2d 724).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, Rosenblatt and Eiber, JJ., concur.

Harwood, J. P., dissents and votes to reverse the judgment and to direct a new trial, with the following memorandum: I agree with the majority that two of the defendant's three claims on appeal—that the defendant had a right to be present at a precharge conference and that the prosecutor engaged in prejudicial misconduct—are without merit. I am of the opinion, however, that the defendant, who stands convicted, inter alia, of criminal sale of a controlled substance, was unduly prejudiced by the Supreme Court's denial of his motion for a severance. I therefore vote to reverse the judgment appealed from and to remit the matter for a new trial.

The defendant premised his pretrial severance motion on the prejudice occasioned by his codefendant's ability to cross-examine him about his prior record, notwithstanding his partial success on a Sandoval motion. The defendant also based the motion on indications that his codefendant would pursue an antagonistic defense, apparently that of agency. The codefendant had no objection to a severance but his counsel made clear that he would pursue whatever avenues would benefit his client. At trial, the defendant, who testified

and acknowledged that he did use drugs, attempted to establish that he was not in any event a dealer. The trial strategy adopted by the codefendant's counsel was to prove that his own client was innocent by proving that the defendant was guilty. In that regard, the counsel for the codefendant was permitted to elicit that cash was found on the defendant, notwithstanding that the defendant successfully moved *in limine* to preclude the prosecutor from eliciting that testimony. After pursuing this strategy for most of the trial, the codefendant abruptly pleaded guilty, apparently on favorable terms.

While the decision to grant or deny a severance is vested in the sound discretion of the trial court, that discretion is not absolute *(People v Cardwell,* 78 NY2d 996; *People v Mahboubian,* 74 NY2d 174). Severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer the defendant's guilt *(see, People v Mahboubian, supra).* Whether there has been prejudice is to be determined by the facts of each case, and appellate courts have the benefit of hindsight in determining the effect the denial of a severance motion had on the verdict.

The strong public policy in favor of joint trials was not served here. It is my view rather that the "entire situation" as it developed at trial, including the zealous advocacy of the counsel for the codefendant who, in effect, became a second prosecutor *(People v Cardwell, supra)* prior to his client's acknowledgment of his guilt, created the "compelling prejudice" that could and should have been avoided by granting the defendant's motion for a severance *(People v Mahboubian, supra; People v Cardwell, supra).*