THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SEABROOK, Appellant. [659 NYS2d 463] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered January 5, 1995, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 15 years to life and 3½ to 7 years, respectively, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

Defendant was convicted on this retrial of charges stemming from an argument on the evening of July 25, 1993, following which the complainant was stabbed in the stomach. The first trial ended in a mistrial when the jurors were unable to reach a verdict. The second trial commenced on December 7, 1994. After preliminary instructions were given to the jury panel, defendant's Legal Aid attorney made an application to the court, requesting that another attorney from the organization, David Quinn, who had assisted the defense during the first trial, be permitted to conduct cross-examination of two of the People's witnesses, both police officers. Defense counsel explained that she had "prepared this case with Mr. Quinn so that I would hope that he would be able to cross examine the two police officers." The court responded that it could discern "no reason to permit cross-examination by one attorney of one witness, cross-examination by another attorney of another witness. This is not a complicated case. This is not something that has any technical difficulty." The court ruled that either attorney could represent defendant for the balance of the trial but flatly rejected counsel's motion to permit them to share the defense.

On appeal, defendant contends that a reversal is warranted

based upon the Court of Appeals' decision in *People v Knowles* (88 NY2d 763). He argues that "[i]n light of its absolute failure to make any findings that the second attorney's participation would have jeopardized the efficiency or fairness of the trial, the trial court's groundless interference with Mr. Seabrook's defense violated his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, § 6 of the New York State Constitution and constitutes reversible error."

Unlike the defendant in *Knowles*, who "made several objections to Supreme Court's ruling regarding defendant's request for counsel" (*supra*, at 769-770 [Smith, J., concurring]), defendant herein did not state any objection to the ruling (*see, People v Narayan*, 54 NY2d 106; *People v Parrilla*, 202 AD2d 320, *lv denied* 84 NY2d 830). The People therefore contend that the constitutional argument raised before this Court has not been preserved for appellate review (*People v Iannelli*, 69 NY2d 684, 685, *cert denied* 482 US 914; *People v Ingram*, 67 NY2d 897, 899). However, "a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter * * * sufficiently to raise a question of law * * * regardless of whether any actual protest thereto was registered" (CPL 470.05 [2]). Defense counsel's motion to share defense responsibilities with her colleague preserves for appellate review the propriety of the court's disposition of the application despite counsel's failure to register "any actual protest" (*ibid.; People v Rosen*, 81 NY2d 237, 245). In any event, we would reach the issue in the interest of justice in the exercise of our discretionary review power (CPL 470.15 [3] [c]).

It has been said that " '[t]he right to have the assistance of counsel is too fundametal and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial' " (*People v Felder*, 47 NY2d 287, 296, quoting *Glasser v United States*, 315 US 60, 76). The People's contentions that the record does not adequately reflect an established relationship with the excluded attorney, the extent of his assistance at the first trial of this case or any perception on the part of the court that defendant's application for additional counsel was made in bad faith are therefore unavailing. The failure of Supreme Court to conduct the requisite inquiry before excluding co-counsel renders the ruling "arbitrary and an abuse of discretion" (*People v Knowles, supra*, at 768). As in *Knowles*, "The court's rigid insistence that cocounsel not

conduct any examinations or even assist at the defense table without considering whether [his] participation would have disrupted the efficient conduct of the trial or resulted in prejudice interfered with defense tactics in violation of defendant's right to the effective assistance of counsel and constitutes reversible error" *(supra,* at 768, citing *People v Joseph,* 84 NY2d 995, 998; *People v Hilliard,* 73 NY2d 584, 587; *Wilson v Mintzes,* 761 F2d 275, 281). Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.