■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OVALDO BROWN, Appellant. [705 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 10, 1997, convicting him of rape in the first degree, rape in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant claimed that he was falsely accused of rape, he placed in issue the complainant's three-week delay in reporting the crime. As a result, the court properly allowed a psychiatrist to offer expert testimony concerning child rape trauma syndrome to explain why the complainant delayed in reporting the crime (*see, People v Taylor,* 75 NY2d 277; *People v Naranjo,* 194 AD2d 747).

The defendant's motion for a trial order of dismissal did not preserve for appellate review his present challenge to the legal sufficiency of the evidence (*see, People v Banks,* 258 AD2d 525; *People v Cannon,* 224 AD2d 439). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY COOPER, Appellant. [705 NYS2d 297] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered May 7, 1998.

Ordered that the judgment is affirmed (*see, People v Pellegrino,* 60 NY2d 636). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.