OPINION OF THE COURT
Frank J. LaBuda, J.
On July 8, 1999 the defendant was charged by indictment No. 115-99 charging him with two counts of murder in the first degree, three counts of murder in the second degree, four counts of burglary in the first degree, two counts of criminal possession of a weapon, three counts of attempted murder in the first degree, one count of attempted murder in the second degree and three counts of assault in the first degree.
*595 The Capital Defender Office was assigned to represent the defendant under Judiciary Law § 35-b (2).
Following submissions of motions herein, this court granted pretrial suppression hearings to the defendant. Said hearings are ongoing and consist of a (1) probable cause hearing, (2) evidentiary hearing concerning the admissibility of blood samples, and (3) Huntley hearing to be conducted seriatim and in one continuous proceeding. This court also granted a (4) Ventimiglia hearing, (5) Molineux hearing and (6) Sandoval hearing to be conducted at a later time.
The probable cause, evidentiary and Huntley hearings commenced on March 8, 2001. The prosecutor called a Sullivan County Sheriffs Detective to testify as to all three suppression issues since he was directly involved in all three events, i.e., the arresting, the interviewing and the seizing of evidence from the defendant. As part of the defense strategy, for the effective assistance of counsel under the 4th, 5th and 6th Amendments, the Capital Defender Office tailored their cross-examination by using a separate attorney to cross-examine the police officer witness on each of the three separate suppression issues. The prosecutor objects to the use of more than one attorney for cross-examination of one witness as being unfair and “ganging up” on the police officer witness.
The issue herein is whether the defendant has a right to use multiple attorneys in his defense to cross-examine the same witness in different hearings conducted during one proceeding.
A criminal defendant has a right to the effective assistance of counsel. (US Const 6th Amend; NY Const, art I, § 6.)
Trial courts have inherent authority to impose reasonable standards of conduct to control the proceedings before it. (People v Knowles, 88 NY2d 763 [1996]; People v Hilliard, 73 NY2d 584 [1989].)
In exercising this authority, the trial court must tread lightly on the attorney-client relationship (People v Knowles, supra; People v Hall, 46 NY2d 873 [1979]), but may do so if not in an arbitrary fashion. (People v Knowles, supra; People v Gomberg, 38 NY2d 307 [1975].)
The New York State Court of Appeals has invoked a three-part test wherein “judicial interference with an established attorney-client relationship in the name of trial management may be tolerable.” (People v Knowles, supra, at 766.)
The three-part Knowles test involves the trial court making threshold findings that multiple defense attorney participation:
*596 (1) would delay or disrupt the proceedings; or
(2) would create a conflict of interest; or
(3) would result in an unfair administration of justice.
The trial court, in exercising its discretion to manage the courtroom, must not interfere with the attorney-client relationship except in cases of overriding fairness or courtroom efficiency lest the defendant’s right to effective assistance of counsel become violated. (People v Knowles, supra; People v Seabrook, 241 AD2d 325 [1st Dept 1997].)
This court finds that the defense tactic of having separate attorneys cross-examine a witness as to separate legal issues* is consistent with the effective assistance of counsel, is in accord with the fair administration of justice and will not disrupt the orderly conduct of the proceedings. Neither is it unfair to the witness since the cross-examination is not repetitive and covers three legally and factually different scenarios.
It should also be noted that there is nothing preventing the prosecutor from using one or more assistants, who may have a particular legal expertise, in the examination of a single witness in that specialized area of law.
Therefore, in accordance with this court’s findings, the objection of the prosecutor to allow separate defense attorneys to cross-examine a witness upon separate legal issues is overruled.

 Mapp /Dunaway, Payton and Huntley hearings.