■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NUNO MARTINS, Appellant. [760 NYS2d 874] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 28, 2000, convicting him of assault in the first degree, assault in the third degree, and aggravated harassment in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his motions to sever his trial from that of the codefendants. It is well settled that severance motions are addressed to the sound discretion of the court (*see People v Mahboubian,* 74 NY2d 174, 183 [1989]; *People v Clark,* 233 AD2d 460 [1996]). Severance is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt (*see People v Cardwell,* 78 NY2d 996, 997-998 [1991]; *People v Mahboubian, supra* at 183-184). Moreover, where, as here, "proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (*People v Bornholdt,* 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York,* 416 US 905 [1974]). In this case, the defenses asserted by each defendant were not in irreconcilable conflict with each other so as to compel severance.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to the conviction of assault in the third degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v White,*

192 AD2d 736, 737 [1993]; *People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Florio, Adams and Rivera, JJ., concur.