■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAIA PEISAHKMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARISSA ARTEMIEVA, Appellant. [814 NYS2d 609]—

Judgments, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered March 16, 2004, convicting defendant Peisahkman, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing her to concurrent terms of 1 to 3 years, and convicting defendant Artemieva, after a jury trial, of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing her to concurrent terms of 1 to 3 years, unanimously affirmed.

The court properly denied defendant Artemieva's severance motion. Aside from being untimely (CPL 255.10 [1] [g]; 255.20 [1], [3]), the motion did not establish an irreconcilable conflict in the defenses (*see People v Mahboubian,* 74 NY2d 174, 183-184 [1989]). The defenses, each based on a denial of any shoplifting, were fundamentally similar and there was no significant danger that the jury would convict Artemieva based upon Peisahkman's additional claim that she did not know Artemieva (*see e.g. People v Nesbitt,* 198 AD2d 33 [1993], *lv denied* 82 NY2d 900 [1993]). Peisahkman's counsel did not act as a "second prosecutor"

(*People v Cardwell*, 78 NY2d 996, 998 [1991]), and the fact that he stressed the relative weakness of the case against his client did not present an irreconcilable conflict warranting severance (*see People v Newton*, 232 AD2d 429 [1996], *lv denied* 89 NY2d 945 [1997]). That the evidence against one of two or more jointly tried defendants may be stronger than the evidence against another hardly is unusual and does not afford the latter with an adequate ground for a severance.

Defendants' various right to counsel and ineffective assistance claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), including, among other things, defendants' claims concerning the alleged actions of one of the attorneys involved in this case during his suspension from the practice of law. On the existing record, to the extent it permits review, we find that both defendants received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and that neither defendant was prejudiced in any way by the attorney's involvement in the case, if any, during his brief suspension, or by his brief preliminary representation of both defendants.

Defendants' remaining claims, including their arguments regarding the sufficiency of the evidence (*see People v Gray*, 86 NY2d 10 [1995]), are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit. We note that although both defendants made CPL 330.10 (1) motions to set aside the verdicts, such a motion does not preserve any issue that is required to be raised during trial (*People v Padro*, 75 NY2d 820 [1990]), nor is it a permissible method for making factual assertions outside the record (*People v Wolf*, 98 NY2d 105, 119 [2002]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.