■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TURNBULL, Appellant. [860 NYS2d 189]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered April 1, 2003, convicting him of rape in the first degree, sodomy (now criminal sexual act) in the first degree, burglary in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 24 years on the conviction of rape in the first degree, 20 years on the conviction of sodomy (now criminal sexual act) in the first degree, 7 years on the conviction of burglary in the second degree, and 1 year on the conviction of unlawful imprisonment in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of rape in the first degree from 24 years to 20 years; as so modified, the judgment is affirmed.

The defendant's contention that a severance was warranted is unpreserved for appellate review (*see People v Islam*, 22 AD3d 599 [2005]; *People v Santiago*, 204 AD2d 497 [1994]). In any event, the defendant's contention is without merit, as the core of each defense was not in irreconcilable conflict with the other (*see People v Sabatino*, 41 AD3d 871 [2007]; *People v Watkins*, 10 AD3d 665, 665-666 [2004]; *People v Martins*, 306 AD2d 423 [2003]; *cf. People v Mahboubian*, 74 NY2d 174, 184 [1989]). As the "proof against the defendants [was] supplied by the same evidence, only the most cogent reasons [would] warrant a severance" (*People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]; *see People v Martins*, 306 AD2d at 423). Where there is no irreconcilable conflict in the defenses and the defenses are fundamentally similar, a severance is not warranted (*see People v Peisahkman*, 29 AD3d 352 [2006]). In this case, there was no irreconcilable conflict and the defenses were not only fundamentally similar, but largely identical.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated herein. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.