■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARAYIND JOHNSON, Appellant. [874 NYS2d 471]—

Judgment, Supreme Court, New York County (Gregory Carro,

J.), rendered December 13, 2006, convicting defendant, after a jury trial, of three counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The court properly denied defendant's severance motion. The motion, made as jury selection was about to commence, was untimely, and defendant failed to show good cause for his failure to make a timely motion, or good cause for the trial court to nevertheless entertain the motion in the exercise of its discretion (CPL 255.10 [1] [g]; 255.20 [1], [3]). Although defense counsel claimed to have learned of the codefendant's planned defense at the last minute, he offered no explanation for his failure to ascertain that information earlier, and the record indicates he was in a position to do so well before trial (*see e.g. People v Funches*, 4 AD3d 206, 207 [2004], *lv denied* 3 NY3d 640 [2004]). The motion also lacked merit because the defenses of defendant and his codefendant were not so irreconcilable as to require severance (*see People v Mahboubian*, 74 NY2d 174, 183-184 [1989]). The core of both defenses was lack of knowledge that the credit cards at issue were fraudulent, and there was no significant inconsistency between the codefendant's arguments and defendant's own defense. Furthermore, during the trial the codefendant's attorney did not act as a "second prosecutor" (*People v Cardwell*, 78 NY2d 996, 998 [1991]), or otherwise cause defendant any prejudice (*see People v Peisahkman*, 29 AD3d 352 [2006]).

Defendant did not preserve his constitutional argument concerning the denial of his severance motion, or his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ.