THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD BRAHAM, Appellant. [935 NYS2d 657]—

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Nonetheless, the judgment of conviction must be reversed, and a new trial ordered. The County Court erred in allowing the defendant's jury to hear the defense of codefendant Warren Davis. Prior to trial, the County Court granted a partial severance calling for the defendant and Davis to be tried jointly but before two separate juries. During the People's case, the County Court adhered to its decision and excluded the defendant's jury from portions of the testimony relating to Davis's statements to law enforcement. However, the County Court improperly allowed the defendant's jury to hear the codefendant Davis's case at trial. Davis's counsel took an aggressive adversarial stance against the defendant and elicited damaging evidence against him, creating the sort of compelling prejudice that could have been avoided by the grant of the requested total severance (see People v Cardwell, 78 NY2d 996 [1991]; People v Mahboubian, 74 NY2d 174 [1989]; People v Hikel, 180 AD2d 820 [1992]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.