◼ The People of the State of New York, Respondent, v Terrence Lessane, Appellant. [36 NYS3d 231]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered April 20, 2009, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is ordered on the counts of the indictment charging murder in the second degree under Penal Law § 125.25 (3) and attempted robbery in the first degree under Penal Law §§ 110.00 and 160.15 (2).

On August 10, 2005, at approximately 5:00 p.m., a man holding a gun entered an illegal gambling club located at 515 Franklin Avenue in Brooklyn and told the occupants to stand against the wall. At some point, two occupants of the club, including Steven Avant, began to struggle with the armed man. During the struggle, a second man entered the club and, upon being handed the gun by the first perpetrator, proceeded to shoot Avant twice in the chest. Avant later died from his gunshot wounds. The defendant was identified as the shooter and charged with, among other crimes, murder in the second degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree. He was tried together with Anthony Steele, who was identified as the first perpetrator. Following their joint trial, Steele was acquitted of all charges. The defendant was acquitted of one count of murder in the second degree (intentional murder) and criminal

possession of a weapon in the second degree, and convicted of attempted robbery in the first degree and one count of murder in the second degree (felony murder).

We agree with the defendant that he was unduly prejudiced by the joint trial because his defense was antagonistic to that of his codefendant and, thus, a new trial is required. As an initial matter, there is no merit to the People's contention that certain of the defendant's arguments on this issue are not preserved for appellate review. "[A] party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered" (CPL 470.05 [2]; *see People v Rosen*, 81 NY2d 237, 245 [1993]; *People v Seabrook*, 241 AD2d 325, 326 [1997]). Since defense counsel repeatedly sought severance without success, based on arguments that included the arguments raised here, he is deemed to have protested following every instance where denial of that motion resulted in prejudice to him (*see* CPL 470.05 [2]).

Where, as here, joinder is lawful, because the defendant and the codefendant were "jointly charged with every offense alleged" in their separate indictments, and "all the offenses charged [were] based upon the same criminal transaction" (CPL 200.40 [1] [a], [c]; *see* CPL 200.40 [2]), a defendant's motion for a separate trial is "addressed to the discretion of the trial court, which may 'for good cause shown' order severance. Good cause under the statute includes, but is not limited to, a finding that a defendant 'will be unduly prejudiced by a joint trial' " (*People v Mahboubian*, 74 NY2d 174, 183 [1989], quoting CPL 200.40 [1]; *see People v Terry*, 78 AD3d 1207 [2010]). "[A] strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses" (*People v Mahboubian*, 74 NY2d at 183; *see People v Cardwell*, 78 NY2d 996, 997 [1991]). However, "compromise of a defendant's fundamental right to a fair trial free of undue prejudice as the *quid pro quo* for the mere expeditious disposition of criminal cases will not be tolerated" (*People v Lane*, 56 NY2d 1, 8 [1982]). " '[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt' " (*People v Cardwell*, 78

NY2d at 997-998, quoting *People v Mahboubian*, 74 NY2d at 184).

Here, the defendant's defense was that his written and videotaped statements, in which he confessed to being at the scene at the time of the shooting, were false, and that he made up that version of what had occurred because he believed the interrogating detectives when they told him that he would be allowed to go home if he admitted to being at the scene when the shooting occurred. Codefendant Steele's defense, on the other hand, was almost entirely based on accepting as true the defendant's statements, in which the defendant named three other individuals as the perpetrators and omitted any mention of Steele. If the jury believed that the defendant's statements were true, at least in part, they had to find Steele not guilty, and the defendant likely guilty. Since the core of the defendant's defense was that his statements were not true, and the core of Steele's defense was that those same statements were true, "[t]he defenses presented here were antagonistic at their crux" (*People v Mahboubian*, 74 NY2d at 186).

The Court of Appeals has noted that, whereas "a trial court must decide a severance motion 'prospectively, based on its discretionary assessments of the strategies and evidence as forecast by the parties,' appellate courts have the benefit of a 'full trial record by which they may, within the ambit of their . . . review powers, determine the existence of irreconcilable conflict and its possible effect on the verdict'" (*People v Cardwell*, 78 NY2d at 998, quoting *People v Mahboubian*, 74 NY2d at 184-185). Here, with the benefit of the full trial record before this Court for review, it is clear that the defendant was unduly prejudiced, not just by the existence of the irreconcilable conflict between his defense and that of Steele, but also by the conduct of Steele's attorney, who took an aggressive adversarial stance against the defendant and elicited damaging evidence against him, creating the sort of compelling prejudice that could have been avoided by the grant of the requested total severance (*see People v Cardwell*, 78 NY2d at 997-998; *People v Mahboubian*, 74 NY2d at 184-186; *People v Braham*, 91 AD3d 666, 667 [2012]).

The defendant's remaining contentions are without merit. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.