People v Boylan (2021 NY Slip Op 02405)





People v Boylan


2021 NY Slip Op 02405


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2015-11725
 (Ind. No. 5002/14)

[*1]The People of the State of New York, respondent,
v
Christine Boylan, appellant.


Scott Lockwood, Deer Park, NY, for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Matthew Keller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), rendered October 28, 2015, convicting her of falsifying business records in the first degree (two counts) and wilful violation of the Public Health Law, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of October 26, 2012, a resident at the Medford Multicare Center for Living (hereinafter Medford), a nursing home, died. The resident died after a respiratory therapist neglected to follow a physician's order to place the resident on a ventilator while she was in bed, and other staff members ignored approximately two hours of visual and audible alarms signaling that the resident was in respiratory distress. The defendant was alleged to have participated in a cover-up in connection with investigations by Medford and the New York State Department of Health of the alleged neglect that led to the resident's death.
The defendant moved to sever her trial from that of all the codefendants, and her motion was granted to the extent that her trial was severed from the trial of several of the codefendants and a separate jury presided over the trial of another codefendant. After trial, the defendant was convicted of two counts of falsifying business records in the first degree and wilful violation of the Public Health Law.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that a severance of the trial from all the codefendants was warranted is without merit. Severance motions are addressed to the sound discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183). "Severance is compelled only where the core [*2]of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (People v Martins, 306 AD2d 423, 423; see People v Caldwell, 78 NY2d 996, 997-998). Here, initially, the Supreme Court granted the defendant's motion for a severance with respect to several of the codefendants. As to the remaining codefendants, the core of each of their defenses was not in irreconcilable conflict with that of the defendant (see People v Turnbull, 52 AD3d 747; cf. People v Mahboubian, 74 NY2d at 184). As the proof against the defendant was supplied by the same evidence, only the most cogent reasons would warrant a severance (see People v Bornholdt, 33 NY2d 75, 87). The defendant failed to provide any such cogent reason to warrant full severance.
The Supreme Court properly declined to give a missing witness charge, as the defendant failed to show that any uncalled witness was available and under the control of the prosecution, had material knowledge, and would be able to provide noncumulative testimony (see People v Edwards, 14 NY3d 733, 735; People v Locenitt, 157 AD3d 905, 907).
The defendant's contention that the two counts of falsifying business records in the first degree are duplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Adams, 140 AD3d 1179, 1180), and, in any event, without merit (see People v Bauman, 12 NY3d 152; People v Kaid, 43 AD3d 1077).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court