People v Cole (2024 NY Slip Op 01784)

People v Cole

2024 NY Slip Op 01784

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Ind. No. 509/16 Appeal No. 1949 Case No. 2018-04245 

[*1]The People of the State of New York, Respondent,
v
Bruce Cole, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (SeanNuttall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at severance motion; Michael J. Obus, J., at jury trial and sentencing), rendered May 3, 2018, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion to sever his trial from that of his codefendant on the ground of antagonistic defenses. Defendant failed to establish that his defense was in "irreconcilable conflict" with that of his codefendant or that there was a "significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (People v Mahboubian , 74 NY2d 174, 184 [1989]). A jury could reasonably credit the codefendant's defense that he was not a participant in the crime but was merely intervening to assist the victim, while also accept defendant's contention that his conduct toward the victim did not rise to the level of use or threatened use of force required for attempted robbery. The record does not support defendant's assertion that codefendant's counsel acted as a "second prosecutor" and elicited damaging evidence that was not already presented at trial (see People v Cardwell , 78 NY2d 996, 998 [1991]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins , 36 NY2d 230, 242 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024