People v Wendover (2024 NY Slip Op 06386)

People v Wendover

2024 NY Slip Op 06386

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

109550
[*1]The People of the State of New York, Respondent,
v
William Wendover III, Appellant.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

William V. O'Leary, Albany, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson (Kathleen Anderson of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Columbia County (Richard M. Koweek, J.), rendered October 18, 2016, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), promoting a sexual performance by a child, criminal solicitation in the third degree, sexual abuse in the first degree (two counts) and criminal sexual act in the first degree (two counts).
The underlying facts are more fully set forth in our prior decisions addressing the appeals of defendant's three codefendants (see People v Van Alphen, 195 AD3d 1307 [3d Dept 2021], lv denied 37 NY3d 1061 [2021]; People v Shackelton, 177 AD3d 1163 [3d Dept 2019], lv denied 34 NY3d 1162 [2020]; People v Van Alphen, 167 AD3d 1076 [3d Dept 2018], lv denied 32 NY3d 1210 [2019]). Briefly, defendant and his codefendants were charged with offenses relating to their sexual abuse and exploitation of children over the course of several years. The charges against defendant, as set out in a superseding indictment filed in 2015, involved offenses relating to his conduct toward victim A (born in 2002), victim B (born in 2004) and victim C (born in 2006) at points between 2009 and 2011. The matter proceeded to a joint trial where defendant was convicted of charges that, for the most part, related to victims A and B. The jury specifically convicted defendant of two counts of predatory sexual assault against a child, two counts of course of sexual conduct against a child in the first degree, two counts of sexual abuse in the first degree and two counts of criminal sexual act in the first degree, one count for each of those offenses relating to victim A and one relating to victim B. Defendant was further found guilty of promoting a sexual performance by a child and criminal solicitation in the third degree, those offenses relating to his conduct toward all three victims.
At sentencing, County Court dismissed the course of sexual conduct convictions as lesser included offenses of the predatory sexual assault against a child convictions. County Court then sentenced defendant, as a second felony offender, to prison terms of 25 years to life on the predatory sexual assault of a child convictions, 3½ to 7 years on the promoting a sexual performance of a child conviction, 2 to 4 years on the criminal solicitation conviction, and seven years, to be followed by 15 years of postrelease supervision, on the sexual abuse in the first degree convictions. County Court directed that those sentences run consecutively to one another, and imposed concurrent terms of 25 years in prison, to be followed by 25 years of postrelease supervision, upon each of the criminal sexual act in the first degree convictions. Defendant appeals.
We affirm. To begin, the verdict against defendant is entirely supported by the evidence. The proof presented at the joint trial has been discussed at length in our prior decisions but, without belaboring the point, victim A testified at trial to multiple [*2]incidents when he was between the ages of four and seven in which defendant and the codefendants violated him with various objects. Victim A stated that defendant, in particular, had "often" touched his penis, engaged in anal sex with him and victim B, and forced victim A and victim B to have sex with each other beginning when victim A was five years old and ending when he was seven years old. Victim A additionally testified that defendant made video recordings and took photographs of him and the other victims being abused. Victim B also testified and, although he was younger than victim A and provided fewer details as to what had occurred, gave an account that was largely consistent with that described by victim A.
Notwithstanding defendant's claim to the contrary — and to the extent that the issue is preserved by his trial motion to dismiss — we have no difficulty concluding that the foregoing testimony, when viewed in the light most favorable to the People, is legally sufficient to support the verdict in all respects (see People v Cuadrado, 227 AD3d 1174, 1176 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v May, 188 AD3d 1309, 1310 [3d Dept 2020], lv denied 36 NY3d 974 [2020]; People v Van Alphen, 167 AD3d at 1078). Defendant goes on to suggest that the verdict is against the weight of the evidence, pointing, among other things, to the lack of physical evidence to establish that any abuse had occurred and various reasons to doubt the accuracy and reliability of the victims' testimony. Those issues were placed squarely before the jury, however, and the jury presumably took them into account when it acquitted defendant of charges relating to his use of a dildo on victims A and B and of all the charges solely relating to victim C. The jury nevertheless credited the testimony that defendant had committed almost all of the charged abuse and exploitation against victims A and B, and recorded the abuse of all three victims, during the relevant period. We defer to that assessment of credibility and, viewing the proof in a neutral light, are similarly satisfied that the verdict is not against the weight of the evidence (see People v Cuadrado, 227 AD3d at 1177; People v Shackleton, 177 AD3d at 1163; People v Van Alphen, 167 AD3d at 1078).
Defendant next contends that County Court abused its discretion in denying his request to sever his trial from that of his codefendants, but we do not agree. There is a strong public policy favoring joint trials of individuals whose offenses arise out of a common scheme or plan, but severance is required where a defendant's "defense is in irreconcilable conflict with" those of his or her codefendants and "there is a significant danger, as [all the] defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer [the] defendant's guilt" (People v Mahboubian, 74 NY2d 174, 184 [1989]; see People v Cardwell, 78 NY2d 996, 997-998 [1991]; People v Murray, 155 AD3d 1106, 1109 [3d Dept 2017[*3]], lv denied 31 NY3d 1015 [2018]). Defendant did not establish that such a conflict existed and, indeed, he and his codefendants essentially all advanced the defense that the victims were not credible and that the People had not proven that the alleged abuse had occurred (see People v Smith, 89 AD3d 1126, 1131 [3d Dept 2011], lv denied 18 NY3d 962 [2012]; People v Johnson, 296 AD2d 422, 423 [2d Dept 2002], lv denied 99 NY2d 537 [2002]). Moreover, while defendant complains that the jury may have been tempted to infer his guilt from evidence of the misbehavior of his codefendants and testimony as to what the victims told third parties about it, that evidence did not implicate him and its admission did "not afford [him] with an adequate ground for a severance" (People v Peisahkman, 29 AD3d 352, 353 [1st Dept 2006]; accord People v Moore, 223 AD3d 1085, 1094 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]).[FN1] County Court therefore properly determined that severance was not warranted.
Defendant's remaining arguments do not demand extended discussion. We considered and rejected the argument advanced by defendant regarding the validity of the grand jury that handed up the superseding indictment against him when it was raised by one of his codefendants on appeal, and we decline defendant's invitation to revisit the issue (see People v Van Alphen, 195 AD3d at 1309-1310). Similarly, the bulk of his arguments regarding the conduct of the trial were raised, considered and rejected upon a codefendant's appeal, and defendant points to nothing that would compel a different result here (see id. at 1308-1313). Finally, defendant suggests that the jury charge deviates from the factual allegations in the superceding indictment as limited by the People's bill of particulars, but he leaves it far from clear as to exactly what portion of the charge he is challenging. In any event, while defendant did raise various objections to the jury charge, our review of the record does not reflect that any of the complained-of portions of the charge "constructively amend[ed] [the] indictment in such a way as to allow a variation in the theory of the prosecution" so as to constitute error (People v Spratley, 144 AD2d 769, 770 [3d Dept 1988], lv denied 73 NY2d 896 [1989]; see People v Lee, 183 AD3d 1183, 1190 [3d Dept 2020], lv denied 35 NY3d 1114 [2020]). To the extent that defendant's arguments are not addressed above, they have been examined and are lacking in merit.
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's related contention regarding the admissibility of the victims' out-of-court statements is preserved for our review, we reject it. The bulk of the out-of-court statements defendant points to were properly admitted for the nonhearsay purpose of explaining how the investigation that led to the charges against defendant and his codefendants unfolded (People v Shackleton, 177 AD3d at 1164; see People v Cullen, 24 NY3d 1014, 1016 [2014]), while other statements victim C made to an examining gynecologist were properly admitted under the hearsay exception for statements relevant to medical diagnosis and treatment (see People v Spicola, 16 NY3d 441, 451 [2011], cert denied 565 US 942 [2011]).