People v Patterson (2025 NY Slip Op 02088)

People v Patterson

2025 NY Slip Op 02088

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2019-02222
 (Ind. No. 2227/17)

[*1]The People of the State of New York, respondent,
v
Darren Patterson, appellant.

Judah Maltz, Kew Gardens, NY, for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Christine Thambuswamy, Julien Gutierrez, and Nicholas Isaacson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered November 1, 2018, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (four counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and his codefendant were arrested and later indicted for stealing money at gunpoint from a Dollar Tree store located in Jamaica, Queens. Following a joint trial with his codefendant, the defendant was convicted of robbery in the first degree and related crimes. Testimony of store employees described the two armed individuals, who were also depicted on the store's video surveillance footage, which was admitted into evidence at trial. The evidence also established that police officers responded to the store within minutes of the robbery, they saw the perpetrators fleeing, and they quickly established a perimeter to prevent their escape.
The defendant and the codefendant, whose appearances matched the descriptions of the perpetrators provided by the employees and as depicted on the store's video surveillance footage, were apprehended within minutes of the police arriving on the scene, hiding in the rear of separate but adjacent properties around the corner from the store. An amount of money, approximating the roughly $2,000 that allegedly had been taken from the store, was found near the hiding areas of the defendant and the codefendant, along with guns and other items that matched the descriptions and depictions of the perpetrators, including a pair of blue gloves and a wig alleged to have been worn by the defendant during the robbery.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as his generalized motion to dismiss the indictment, made at the close of the People's case, was not specifically directed at the deficiency now being argued (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Brown, 270 AD2d 496). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's identity as one of the perpetrators of the crimes beyond a reasonable doubt (see People v Brown, 92 AD3d 1216, 1217; People v Goree, 309 AD2d 1204). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d [*2]342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in denying his pretrial motion and various midtrial applications to sever his case from that of his codefendant is without merit. A severance motion is addressed to the sound discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183). "Severance is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (People v Martins, 306 AD2d 423, 423; see People v Cardwell, 78 NY2d 996, 997-998).
Here, the defendant's and the codefendant's defenses were not in irreconcilable conflict (see People v Boylan, 193 AD3d 964; People v Turnbull, 52 AD3d 747; cf. People v Mahboubian, 74 NY2d at 184). Relatedly, the admission of certain statements allegedly made by the codefendant from jail in recorded telephone calls, which did not implicate the defendant and which were accompanied by an appropriate limiting instruction that the jury could only consider the statements against the codefendant, did not require the trials to be severed or otherwise present a Confrontation Clause problem (see People v Martinez-Herrera, 172 AD3d 451, 453; People v Villanueva, 168 AD3d 769, 770).
The defendant's remaining contentions are without merit.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court