Harold Hyman, J.
The secrecy of Grand Jury proceedings is once again assailed by this motion, novel in the annals of the law of this State, made by defendant for an inspection of the "transcript of instructions, if any, given to the grand jury by the District Attorney.”
Defendant contends that although CPL 190.25 (subd 4) provides that the "[g]rand jury proceedings are secret” and places unqualified restrictions on certain persons from divulg *194 ing the nature or substance of any Grand Jury testimony, result, decision, or other matter attending a Grand Jury proceeding, except upon written order of the court, it nevertheless does not preclude her from obtaining a "transcript of [any] instructions” given by the court or District Attorney to the indicting Grand Jury.
Defendant further contends that it would be unreasonable to suppose that such instructions are not subject to review by her, when by CPL 190.25 (subd 6) it is explicitly required that such instructions be recorded in the minutes.
CPL 190.25 (subd 6) provides: that the legal advisors of the Grand Jury are the court and the District Attorney; that the Grand Jury may not seek or receive legal advice from any other source; that where necessary or appropriate, the court or the District Attorney, or both, must instruct the Grand Jury concerning the law with respect to its duties or any matter before it, and that such instructions must be recorded in the minutes.
It appears to reason that since the Grand Jury is comprised of lay citizenry of this State who, although presumed to know the law, are not necessarily familiar with each and every nuance of the law, whether it be decisional or statutory, that when the statute (CPL 190.25, subd 6) states "[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law * * * and such instructions must be recorded in the minutes” (emphasis added), that for all intents and purposes a Grand Jury should properly be instructed concerning the law either by the court or by the District Attorney in each case so as to guide them in their deliberations.
In People v Percy (74 Misc 2d 522, 527) it was held on a motion to dismiss the indictment for failure to record instructions that "must means must”, thereby holding the word "must” as an unequivocal direction by the Legislature, the failure to adhere to which necessitating dismissal. However, on appeal from that order dismissing that indictment, the Appellate Division held that the failure to adhere to such statute does not mandate dismissal except in complex matters where the potential of prejudice may be great and then only provided that the court finds, as a predicate, an impairment of the Grand Jury’s integrity and the possibility that prejudice to the defendant may result. (People v Percy, 45 AD2d 284, 286; CPL 210.35, subd 5.)
*195 Although, as has been said, all that need be shown is a "possibility of prejudice to the defendant”, rather than "actual prejudice”, nevertheless, the burden in the first instance of factually showing and proving such "possibility of prejudice” must be borne by the defendant who assails the legal presumption of regularity attendant to Grand Jury proceedings (Matter of Miranda v Isseks, 41 AD2d 176, 179; People v Rallo, 46 AD2d 518, 527).
Defendant’s moving papers do not show either possible prejudice or actual prejudice. Her entire request is based upon mere argument unsupported by either rumor, hearsay or fact. At best it can be observed as a mere lack of faith in the integrity of the court in general which, in fulfilling its duty, is required to examine the minutes of the Grand Jury to determine the sufficiency of said indictment (CPL 210.30). In either event, it cannot be granted any consideration which would effectuate the result requested.
Defendant also contends that she is supported in her position by footnote verbiage used in United States v Alter (482 F2d 1016, 1029, n 21) stating: "Alter was entitled to know the content of the court’s charges to the grand jury. The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not.”
This court does not consider the Alter case as authority binding upon this court or pertinent to the request made by defendant in the instant matter. The view expressed by the Alter court in its footnote, in the opinion of this court, must be strictly and solely limited to the facts and circumstances involved in that specific matter, and should not be expanded as a carte blanche direction that in all criminal matters the defendant be deemed entitled to obtain a copy of the instructions delivered to the Grand Jury. The Alter case involved a set of circumstances and a situation upon a contempt of the Grand Jury itself; it is completely dissimilar to the instant matter.
It is true that People v Iannello (21 NY2d 418) teaches that the courts, particularly the Judges thereof, have a particular responsibility to prevent unfairness in Grand Jury proceedings, since the Grand Jury, strictly speaking, is an arm of the court itself. Yet, the integrity of the court has always indicated itself by constant movement in the protection of persons accused of crime, sometimes even from the accused himself. In proof of such faith in the integrity of the judiciary, the People *196 of this great State, by means of their legislative representatives, have enacted CPL 210.30, which as stated before makes it mandatory upon the court to itself inspect the Grand Jury minutes and determine the motion for dismissal of the indictment and to itself dismiss should there be found error in or irregularity with respect thereto.
Here, the court has examined the Grand Jury minutes and has found no error or irregularity warranting dismissal or even resubmission.
The motion of defendant is therefore denied.