■ In the Matter of EDWARD C. COSGROVE, as District Attorney of Erie County, Petitioner, v VINCENT E. DOYLE, Individually and as Justice of the Supreme Court, Erie County, and MALCOM FOOTS et al., Respondents.— Petition unanimously granted, without costs, in accordance with the following memorandum: The District Attorney of Erie County has instituted this article 78 proceeding for a writ of prohibition restraining respondent Vincent E. Doyle, Justice of the Supreme Court, from enforcing two orders made by him on July 25, 1979 and July 26, 1979 respectively, which orders directed the District Attorney to furnish to respondents Malcom Foots and Terry Mixson bills of particulars concerning Grand Jury proceedings resulting in their indictments. Petitioner also asks that said orders be vacated insofar as they direct him to furnish such bills of particulars. Following their indictments, respondents Foots and Mixson made separate but similar omnibus motions directed to the respective indictments. Paragraph 2 of the motion in each case was for service of a bill of particulars as requested in paragraph 15 of the affidavit submitted in support of the motion in each case. Such paragraph contained many lettered subparagraphs, only the first five of which are the subject of this proceeding, as follows: (a) the number of persons constituting the Grand Jury which returned the indictment and the number present when it was returned, (b) the number of Grand Jurors voting to return the indictment, (c) whether the proceedings before the Grand Jury were stenographically transcribed, (d) whether the court supplied the Grand Jury with information regarding the statutes of the State of New York, particularly Penal statutes, "and if so, the precise nature of the information", (e) whether a transcript was made of any legal advice given to the Grand Jury by the District Attorney or the court, pursuant to the Criminal Procedure Law and concerning the interpretation of sections of the Penal Law charged in the indictment and, if not, state the detailed substance of legal advice given to the Grand Jury. The court interpreted this subdivision as requesting that the defendant be furnished with a copy of the transcript of such legal advice, if made. Respondent Justice Doyle granted the motions with respect to the above-lettered subparagraphs by orders dated July 25, 1979 and July 26, 1979 respectively; and this proceeding ensued. Respondent Doyle contends that as a matter of law this prohibition proceeding does not lie, and that in any event under CPL 200.90 (subd 3) the orders were properly made. Although writs of prohibition are of limited application in criminal cases, it is clear that the instant proceeding is maintainable *(Matter of Jaffe v Scheinman,* 47 NY2d 188, 192-193); and so

we turn to the merits of the motions for the bills of particulars. Authorization for applications for bills of particulars is now statutory (CPL 200.90). Subdivision 2 of the statute provides that such applications must be by motion in writing and made with respect to specific "items of factual information * * * which pertain to the charge and which are not recited in the indictment". Subdivision 3 thereof refers only to the material which is authorized in subdivision 2. Thus, the statute is designed to serve as a means of securing details and clarification of the charge, and it may not be used as a means of discovery. In *People v Davis* (41 NY2d 678, 679-680) the court wrote: "Further, it was not error for the court to deny defendant a requested bill of particulars for information with respect to the composition, attendance and vote of the Grand Jury that indicted him, as well as the nature of the legal advice furnished to the Grand Jury by the prosecution and the court. 'The sole function of a bill of particulars is to define more specifically the crime or crimes charged in the indictment, or, in other words, to provide clarification of certain matters set forth in the pleading.' * * * A bill of particulars serves to clarify the pleading; it is not a discovery device. Since the defendant's request was unrelated to the factual allegations of the charge and was, in truth, a trial gambit in the hope of finding evidence to rebut the regularity of the indictment, the motion for a bill of particulars was properly denied." The *Davis* decision is dispositive of this case. Moreover, the time-honored manner for a defendant to test the propriety and sufficiency of an indictment before trial is by motion to inspect the Grand Jury minutes, whereby is invoked the duty of the court, *in camera,* to determine the sufficiency and regularity of the indictment (*Matter of Jaffe v Scheinman, supra,* pp 193-195; and see *People v Randolph,* 88 Misc 2d 193, 196; *People v Brinkman,* 205 Misc 337, 339). The petition is, therefore, granted, the orders, insofar as they direct petitioner to furnish bills of particulars in response to the above-quoted demands, are annulled and vacated, and respondent Doyle is prohibited from enforcing the provisions thereof. (Art 78.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.