## People v Bruno

2023 NY Slip Op 34730(U)

January 31, 2023

County Court, Westchester County

Docket Number: Indictment No. 72339-22/001

Judge: Robert J. Prisco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-                            **DECISION & ORDER**

**FELIX BRUNO,**

                                     **Indictment No: 72339-22/001**

                    **Defendant.**
-------------------------------------------------------------------x
**ROBERT J. PRISCO, J.**

    Defendant **FELX BRUNO** is charged by Indictment Number 72339-22/001 with one count of Burglary in the Second Degree pursuant to Penal Law [PL] § 140.25 (2) [Count One], one count of Grand Larceny in the Third Degree pursuant to PL § 155.35 (1) [Count Two], and one count of Criminal Possession of Stolen Property in the Third Degree pursuant to PL § 165.50 [Count Three]. The charges pertain to Defendant allegedly aiding, abetting, and acting in concert with another person in unlawfully entering a dwelling located at 35 Echo Lane, in the Town of Mamaroneck, and his alleged theft of property which had a value in excess of three-thousand dollars ($3,000.00). The offenses are alleged to have occurred at approximately 7:10 p.m. on February 26, 2022.

    On October 7, 2022, Defendant was arraigned by this Court on the charges contained in Indictment Number 72339-22/001. Attached to the indictment are the People's Demand for a Notice of Alibi pursuant to Criminal Procedure Law [CPL] § 250.20 and two (2) CPL § 710.30 (1) (a) Notices regarding the People's intent to offer evidence of statements allegedly made by co-defendant Anthony Goodwine to a member of the Westchester County Police Department.[1]

    During the court appearance on October 7, 2022, the People served and filed a Certificate of Compliance pursuant to CPL § 245.50 (1), with an attached "Discovery Disclosure Index" that identifies the items and materials that have reportedly been disclosed or provided to defense counsel. Also attached to the Certificate of Compliance are Discovery Package Transmittal Notices from the Westchester County District Attorney's Office which delineate the dates, times

---

[1] The two (2) CPL § 710.30 (1) (a) notices pertain to electronically recorded oral statements that were allegedly made by co-defendant Goodwine in the vicinity of Nardozzi Place, in the Town of Mamaroneck, at approximately 8:00 p.m., on February 26, 2022.

**FILED**

MAR 0 8 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

1

and methods of such disclosures. Within the People's Certificate of Compliance is a "Statement of Readiness," wherein the People state that they "confirm and announce their readiness for trial on all counts charged." Although the grand jury minutes were still outstanding, the People also verbally confirmed their readiness for trial when inquired of by this Court.

On November 17, 2022, the People served and filed a Notice of Motion for Buccal Swab, an Affirmation in Support, and a Memorandum of Law seeking an Order "requiring the defendant… to permit the taking of DNA samples from his body via a buccal cell swab," pursuant to CPL § 245.40 (1) (e).

On November 18, 2022, the Court received Defendant's Notice of Motion, Affirmation in Support, and a Memorandum of Law in Support of Defendant Felix Bruno's Pre-Trial Motions (hereinafter "Memorandum of Law") seeking various forms of judicial intervention and relief. Attached to Defendant's omnibus motion is Exhibit A, which is a copy of the Indictment and attachments thereto.

On November 30, 2022, this Court received the People's Affirmation in Opposition and Memorandum of Law in response to Defendant's motion for omnibus relief.

The Court is also in receipt of an unredacted certified copy of the stenographic transcript of the Grand Jury proceeding dated September 26, 2022, an unredacted certified copy of the stenographic transcript of the instructions on the law dated September 28, 2022, and copies of the Grand Jury exhibits that were received in evidence, which are contained on a flash drive. The Court has further been provided with Search Warrant Applications and Orders dated February 8, February 27, and May 6, 2022.

On December 23, 2022, the Court received Defendant's Memorandum of Law in Reply and in Further Support of Defendant Felix Bruno's Pre-Trial Motions (hereinafter "Memorandum of Law in Reply").

On December 27, 2022, the People served and filed a Supplemental Certificate of Compliance, which includes a "Statement of Readiness," wherein "[t]he People confirm and announce their readiness for trial on all counts charged in this matter." Attached to the Supplemental Certificate of Compliance is a copy of the People's Discovery Disclosure Index and a Discovery Package Transmittal Notice from the Westchester County District Attorney's Office

2

which identify the additional items and information that have been disclosed to Defendant and delineate the dates, times and methods of such disclosure.

After consideration of the above referenced submissions and the aforementioned unredacted certified stenographic transcripts, the Court decides Defendant's Motion as follows:

## 1. MOTION FOR RELEASE OF THE GRAND JURY MINUTES TO DEFENDANT, INSPECTION THEREOF, AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 72339-22/001 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.

Citing CPL Article 210, Defendant moves for inspection of the Grand Jury minutes by the Court and for the dismissal of Indictment Number 72339-22/001, or reduction of the counts thereof, on the grounds that the evidence before the Grand Jury was not legally sufficient and the Grand Jurors were not properly instructed on the applicable law (*see* Point 1, Page 1, and Point 5, Page 3, of Defendant's Notice of Motion, Pages 10-16 of Defendant's Affirmation in Support, and Pages 1-8 of Defendant's Memorandum of Law). Specifically, "Defendant seeks to dismiss the charges of Grand larceny in the third degree and Criminal possession of stolen property in the third degree on [the] basis that the evidence before the grand jury was not legally sufficient to establish that the market value of the property allegedly stolen by the Defendant exceeded three thousand ($3,000)" (*see* Page 11, Paragraph 12, of Defendant Affirmation in Support, Point II, Page 8, of Defendant's Memorandum of Law, and Point I, Pages 2-3, of Defendant's Memorandum of Law in Reply).

Defendant further claims that "should the People rely on any statements. or evidence obtained through improper and/or constitutionally impermissible contact with the police,…and the Defendant is successful in suppressing such evidence and/or statements, the People will have insufficient evidence to establish every element of the offenses charged and [Defendant's] commission thereof" (*see* Page 12, Paragraph 14, of Defendant's Affirmation in Support). Defendant also moves for dismissal of the Indictment "should it appear that [the] Grand Jury received any hearsay testimony before voting the indictment" (*see* Page 12, Paragraph 13, of Defendant's Affirmation in Support). Lastly, citing CPL § 210.30, Defendant moves to inspect the Grand Jury minutes and for dismissal of the indictment or any counts thereof, on the grounds

3

that the evidence before the Grand Jury was not legally sufficient (*see* Point 5, Page 3, of Defendant's Notice of Motion).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court (*see* Point A, Page 1, of the People's Memorandum of Law), contend that the indictment is supported by legally sufficient evidence (*see* Point A, Page 2, of the People's Memorandum of Law), and assert that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point A, Page 4, of the People's Memorandum of Law).

As to the value of the stolen items, the People contend that "the victim testified in the Grand Jury that he inherited the Omega watch from his father and that it was an antique" and "explained that he had gotten the watch refurbished; due to the value of rose gold, the value of the watch was approximately $10,000" (*see* Point A, Page 3, of the People's Memorandum of Law). The People further contend that "the other items stolen were described, including a diamond tennis bracelet and a diamond solitaire necklace," and that "[p]hotographs of the items were admitted in evidence" (*Id.*). Therefore, the People aver that "[h]aving heard the testimony and having seen photographic evidence of the items, it is within the ken of the average juror that these items easily surpassed the [$3,000.00] threshold" (*Id.*).

Initially, regarding Defendant's request for the Grand Jury minutes in their entirety, CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes and is cited by Defendant in support of this request, speaks only to the release of "grand jury *testimony* (emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions, and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcript of the Grand Jury testimony on November 17, 2022 (*see* Page 4 of the People's Affirmation in Opposition), the defendant's request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury presentation, having examined the unredacted certified copies of the stenographic transcript of the Grand Jury proceeding dated September 26, 2022, and of the instructions on the law dated

4

[* 4]

September 28, 2022.

On September 26, 2022, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty (20) grand jurors were present. Prior to instructing the grand jurors on the applicable law on September 28, 2022, the People confirmed with the foreperson that those twenty (20) grand jurors were present throughout the presentation of the case. These measures by the People satisfy this Court that the twenty (20) grand jurors who deliberated and voted on the charges contained in Indictment Number 72339-22/001 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll,* 93 NY2d 564, 568 [1999]; *see People v Edwards*, 36 NY3d 946, 947 [2020]; *People v Deleon*, 34 NY3d 965, 966 [2019]; *People v Bello*, 92 NY2d 523, 525 [1998]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Pino*, 162 AD3d 910, 910-911 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Deleon*, 34 NY3d at 966; *People v Mills,* 1 NY3d at 274; *People v Booker*, 164 AD3d at 820; *People v Pino*, 162 AD3d at 911; *People v Arcila*, 152 AD3d 783, 784 [2d Dept 2017], *lv. denied* 30 NY3d 978 [2017]; *People v Hulsen*, 150 AD3d at 1262; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Gaworecki*, 37 NY3d 225, 230 [2021], quoting *People v Grant*, 17 NY3d 613, 616 [2011]; *see People v Mills,* 1 NY3d at 274; *People v Bello*, 92 NY2d at 526; *see People v Holloway*, 210 AD3d 1007, 1008 [2d Dept 2022]; *People v Castro*, 202 AD3d 815, 816 [2d Dept 2022]; *People v Booker*, 164 AD3d at 820). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan,* 69 NY2d 976, 979 [1987]; *see People v Booker*, 164 AD3d at 821; *People v Pino*, 162 AD3d at 911 *People v Arcila*, 152 AD3d at 784).

5

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charge of Burglary in the Second Degree as set forth in Count One of Indictment Number 72339-22/001.

However, as to the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree, pursuant to Counts Two and Three, respectively, the People failed to prove that the value of the property that was allegedly stolen and possessed by Defendant exceeded three-thousand dollars ($3,000.00).

Pursuant to PL § 155.20 (1), "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." "Any person who testifies as to the value of an item 'must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value'" (*People v Sutherland*, 102 AD3d 897, 898 [2d Dept 2013], quoting *People v Lopez*, 79 NY2d 402, 404 [1992]; *see People v Piasta*, 207 AD3d 1054, 1058 [4th Dept 2022], *lv. denied* 38 NY3d 1190 [2022]; *People v Box*, 181 AD3d 1238, 1241 [4th Dept 2020], *lv. denied* 35 NY3d 1025 [2020]; *People v Slack*, 137 AD3d 1568, 1569 [4th Dept 2016], *lv. denied* 27 NY3d 1139 [2016]). "'Conclusory statements and rough estimates of value' that are unsupported by a basis of knowledge are insufficient" (*People v Sutherland*, 102 AD3d at 899, quoting *People v Loomis*, 56 AD3d 1046, 1047 [3d Dept 2008]; *see People v Box*, 181 AD3d at 1241; *People v Slack*, 137 AD3d at 1569; *People v Walker*, 119 AD3d 1402, 1402-1403 [4th Dept 2014]; *People v Pallagi*, 91 AD3d 1266, 1269 [4th Dept 2012]).

Here, although the homeowner testified about the items that were missing[2] and estimated that the value of the watch was "around ten thousand dollars" and the value of the necklace was "fifteen hundred [dollars]" (*see* Page 8, Lines 19-25, and Page 9, Lines 1-12, of Grand Jury Transcript dated September 26, 2022), he failed to provide a basis of knowledge for his statements and there was no other evidence as to the value of the stolen property (*see People v Sutherland*, 102 AD3d at 899; *People v Rivera*, 180 AD3d 939, 940 [2d Dept 2020]). Thus, the People failed to meet their burden of proving the required value element of Grand Larceny in the Third Degree (PL § 155.35) and Criminal Possession of Stolen Property in the Third Degree (PL § 165.50), to

---

[2] The homeowner alleged that the stolen items included various pieces of jewelry such as an Omega watch, "solitaire diamond necklace," "diamond tennis bracelet," and an earring (*see* Pages 8-11, of Grand Jury Transcript dated September 26, 2022).

[* 6]

wit, a property value in excess of three-thousand dollars ($3,000.00) at the time of the alleged crime.

Notwithstanding the above, the evidence presented to the Grand Jury did establish the crimes of Petit Larceny (PL § 155.25) and Criminal Possession of Stolen Property in the Fifth Degree (PL § 165.40), as value is not an element thereof.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Jimenez*, 39 NY3d 74 [2022]; *People v Palma*, 208 AD3d 801, 802 [2d Dept 2022]; *People v Sealy*, 181 AD3d 893, 894 [2d Dept 2020], *lv. denied* 35 NY3d 1070 [2020]; *People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). "'The exceptional remedy of dismissal of an indictment is warranted only where prosecutorial misconduct, fraudulent conduct or errors created a possibility of prejudice" (*People v Palma*, 208 AD3d at 802, quoting *People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *see People v Huston*, 88 NY2d 400, 409 [1996]; *People v Sealy*, 181 AD3d at 894; *People v Williams,* 171 AD3d at 805; *People v Burch,* 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). Here, the Court finds that no such misconduct, conduct or errors occurred.

Further, while a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d at 394; *see People v Caracciola,* 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch,* 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.,* 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v*

7

*Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

After an in-camera review of the unredacted certified copies of the stenographic transcripts of the Grand Jury proceeding and the instructions on the law provided therein, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charge of Burglary in the Second Degree is denied and his motion to dismiss or reduce the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree is granted to the extent that such counts are reduced to Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, respectively.

## 2. MOTION TO SUPPRESS STATEMENTS AND IDENTIFICATIONS; MOTION TO PRECLUDE THE OFFERING OF EVIDENCE.

Defendant moves to suppress his statements on the grounds that they "were elicited and/or provoked under coercive and unfair circumstances, and in the absence of the defendant's attorney, and were a direct result of constitutionally impermissible conduct, in contravention of the defendant's Constitutional rights, and/or were obtained without the requisite <u>Miranda</u> warnings, and were involuntary" (*see* Point 2, Pages 1-2, of Defendant's Notice of Motion and Page 9, Paragraph 9, of Defendant's Affirmation in Support). Defendant also seeks a hearing "to determine whether such evidence was obtained in accordance with the mandate of the Constitution and statute" (*see* Page 9, Paragraph 9, of Defendant's Affirmation in Support).

Citing CPL Article 710, Defendant further moves to suppress "any testimony regarding an observation of [Defendant]" on the "grounds that such identification was elicited under unfair circumstances, and in the absence of the defendant's attorney, and was a direct result of constitutionally impermissible conduct, in contravention of the defendant's constitutional rights" (*see* Point 4, Pages 2-3, of Defendant's Notice of Motion and Page 10, Paragraph 10, of Defendant's Affirmation in Support). Defendant also seeks a hearing with respect to this issue (*see* Page 10, Paragraph 10, of Defendant's Affirmation in Support).

8

Finally, Defendant requests that any statements and/or identifications for which proper notice has not been given be precluded pursuant to CPL § 710.30 (*see* Point III, Page 10, of Defendant's Memorandum of Law).

In their response, the People submit that Defendant's motion to suppress his statements and identifications should be denied as moot as "the People have not noticed any statements or identifications of defendant within the meaning of CPL § 710.30" (*see* Point D, Page 14, of the People's Memorandum of Law). The People further assert that Defendant's motion should be denied as premature since there is an "absence of such a late notice or [of] the People's introduction of an unnoticed statement or identification evidence" (*see* Point B, Page 7, of the People's Memorandum of Law).

To the extent that the People have failed to serve a notice within fifteen (15) days after Defendant's arraignment regarding a statement or identification for which such notice is required pursuant to CPL § 710.30, absent a showing of "good cause" (*see* CPL § 710.30 (2)), "no evidence of a kind specified in [CPL § 710.30 (1)] may be received against [Defendant] upon trial" (CPL § 710.30 (3)) and therefore, Defendant's motion is denied as moot.

Should the People seek to introduce evidence of a statement made by Defendant to a public servant that the People believe falls outside the parameters of CPL § 710.30 (1) (a) (e.g., res gestae, pedigree, spontaneous), absent agreement and consent by defense counsel, they must seek a ruling from the Court beforehand.

The People are reminded, however, that CPL § 245.20 (1) (a) provides for "automatic" disclosure of "all items and information that relate to the subject matter of the case," including but not limited to "all written or recorded statements, and the substance of all oral statements, made by the defendant…to a public servant engaged in law enforcement activity," and that this obligation, unlike those of CPL § 710.30, is not predicated upon the People's intent to use such statements at trial.

Should the People seek to introduce evidence of an identification made of Defendant that the People believe falls outside the parameters of CPL § 710.30 (1) (b) (e.g., confirmatory, spontaneous, not police arranged), absent agreement and consent by defense counsel, they must seek a ruling from the Court beforehand.

9

## 3. MOTION TO SUPPRESS PHYSICAL EVIDENCE AND TO CONTROVERT SEARCH WARRANTS.

Citing *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], Defendant moves to suppress "any evidence seized in this matter" on the ground that "any such property and/information was obtained unlawfully in violation of the defendant's constitutional rights" (*see* Point 3, Page 2, of Defendant's Notice of Motion, Page 8, Paragraph 8, of Defendant's Affirmation in Support, and Point V, Page 13, of Defendant's Memorandum of Law). In the alternative, Defendant requests a hearing (*see* Point 3, Page 2, of Defendant's Notice of Motion and Point V, Page 14, of Defendant's Memorandum of Law).[3] Defendant further moves for "an order controverting the search warrants" (*see* Point 3, Page 2, of Defendant's Notice of Motion).[4]

As to the suppression of physical evidence, the People contend that Defendant's motion should be denied because he has failed to allege sufficient sworn allegations of fact (*see* Point D, Page 11, of the People's Memorandum of Law). The People further argue that Defendant's arrest was supported by probable cause and that any evidence recovered from "the Honda was lawfully recovered," under the automobile exception or plain view doctrine (*see* Point D, Pages 12-13, of the People's Memorandum of Law).[5] Finally, the People aver that Defendant does not have standing to contest the admission of "the sock filled with jewelry" as the items were abandoned and "found on a street that the Honda had driven past as it fled from the police" (*see* Point D, Pages 12 and 14, of the People's Memorandum of Law). The People further contend that such items were "not recovered from his person or from any place in which he had an expectation of privacy" (*see* Point D, Page 14, of the People's Memorandum of Law).

In reply, Defendant requests that the People "be ordered to provide the Defendant with copies of all search warrants, supporting affidavits, and returns on the warrants, as requested" (*see* Point II, Page 4, of Defendant's Memorandum of Law in Reply).

---

[3] Defendant also requests that the Court suppress "any evidence obtained as a result of [Defendant's] illegal arrest" or, in the alternative, granting the defendant a hearing with respect to the issue of probable cause (*see* Page 18, Paragraph 23, of Defendant's Affirmation in Support).

[4] As Defendant has not specified which search warrant affidavit/application and corresponding order he is challenging, the Court has reviewed all three (3) Applications and the corresponding Orders in this matter.

[5] The People contend that "[a]n earring belonging to the victim's daughter was found in plain view on the front seat of the Honda" (*see* Point D, Page 12, of the People's Memorandum of Law).

10

[* 10]

A court reviewing a search warrant is required to give the issuing court "great deference" in determining whether there was probable cause, as a presumption of validity attaches to a search warrant approved by a magistrate who reviews the underlying application and finds sufficient evidence of probable cause (*People v Castillo*, 80 NY2d 578, 585 [1992], *cert. denied* 507 U.S. 1033 [1993]; *see People v Griminger*, 71 NY2d 635 [1988]; *People v Hanlon*, 36 NY2d 549, 558 [1975]; *People v Crupi*, 172 AD3d 898 [2d Dept 2019], *lv. denied* 34 NY3d 950 [2019]; *People v Calise*, 256 AD2d 64, 65 [1st Dept 1998], *lv. denied* 93 NY2d 851 [1999]). To establish probable cause, "a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place" (*People v Edwards*, 69 NY2d 814, 816 [1987]; *see People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Lambey*, 176 AD3d 1232, 1233 [2d Dept 2019]; *People v Murray*, 136 AD3d 714 [2d Dept 2016], *lv. denied* 27 NY3d 1003 [2016] *People v Leggio*, 84 AD3d 1116, 1117 [2d Dept 2011]; *People v Griffin*, 28 AD3d 578, 578–579 [2d Dept 2006], *lv. denied* 7 NY3d 789 [2006]; *People v Corr*, 28 AD3d 574, 575 [2d Dept 2006], *lv. denied* 7 NY3d 787 [2006]). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause or whether it contained a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (*People v Gordon*, 36 NY3d 420, 429 [2021], quoting *People v Nieves*, 36 NY2d 396, 402 [1975]; *see People v Pitcher*, 199 AD3d 1493, 1494 [4th Dept 2021]; *People v Ferguson*, 136 AD3d 1070, 1072 [3d Dept 2016]).

After reviewing the critical facts and circumstances that were made known to Judges Neary, Warhit, and Fufidio at the time that the three (3) search warrant applications were determined, this Court finds that such applications were supported by probable cause and contained sufficiently particular descriptions of the items and property to be searched. Accordingly, Defendant's motion to suppress any evidence seized pursuant to the search warrants is denied.

As to Defendant's request to be provided with "copies of all search warrants, supporting affidavits, and returns on the warrants," to the extent that the requested materials have not been disclosed to Defendant, the People must immediately disclose such pursuant to CPL § 245.20 (n).

"A defendant abandons property when he voluntarily relinquishes possession in a calculated decision in response to police conduct" (*People v Whitfield*, 186 AD3d 1414, 1415 [2d

11

Dept 2020], *lv denied* 36 NY3d 977 [2020]), quoting *People v Oliver*, 39 AD3d 880, 880 [2d Dept 2007], *lv. dismissed* 9 NY3d 868 [2007]; *see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996], and "[w]here a defendant abandons property, there is no search or seizure" (*People v Whitfield*, 186 AD3d at 1415, quoting *People v Burkett*, 98 AD3d 746, 747 [2d Dept 2012], *lv. denied* 20 NY3d 985 [2012]; *see People v Kluge*, 180 AD3d 705, 707 [2d Dept 2020]; *People v Hogya*, 80 AD2d 621, 621 [2d Dept 1981], *appeal dismissed* 56 NY2d 602 [1982]). However, "if the abandonment is coerced or precipitated by unlawful police activity, then the seized property may be suppressed because it constitutes fruit of the poisonous tree" (*People v Rice*, 204 AD3d 834, 837 [2d Dept 2022], quoting *People v Ramirez-Portoreal*, 88 NY2d at 110; *see Matter of Francis O.*, 208 AD3d 51, 57 [1st Dept 2022]; *People v Kluge*, 180 AD3d at 707).

Accordingly, upon the issues raised in Defendant's and the People's papers, Defendant's motion for suppression of physical evidence is granted to the extent that hearings pursuant to *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the legality of the recovery/seizure of "the sock filled with jewelry" and its admissibility at trial.

However, as to any other physical evidence that was allegedly recovered, Defendant's motion papers fail to address the seizure/recovery of any property beyond "any evidence seized in this matter." Additionally, while CPL § 710.60 (1) requires that a motion for suppression of physical evidence must state "the ground or grounds of the motion and must contain sworn allegations of fact" *(see also People v Ibarguen*, 37 NY3d 1107, 1108 [2021]; *People v Duval*, 36 NY3d 384, 391 [2021]; *People v Garay*, 25 NY3d 62, 71 [2015]; *People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Esperanza*, 203 AD3d 124, 128-129 [1st Dept 2022]; *People v Guzman*, 153 AD3d 1273, 1276 [2d Dept 2017]; *People v White*, 137 AD3d 1311, 1312 [2d Dept 2016]), the only allegations put forth by defense counsel are the legal conclusions that such evidence was obtained in violation of Defendant's constitutional rights "and/or were the poisoned fruits of an invalid arrest" (*see* Paragraph 3, Page 2, of Defendant's Notice of Motion).

Consequently, Defendant's motion seeking suppression of "any evidence seized in this matter," beyond that already addressed above, is denied without the need for an evidentiary hearing *(see People v Cunningham*, 194 AD3d 954, 955 [2d Dept 2021]; *People v Massey*, 186 AD3d 1716, 1717 [2d Dept 2020]; *People v Rose*, 178 AD3d 1091, 1092-1093 [2d Dept 2019]; *People v Robinson*, 118 AD3d 1028, 1028 [2d Dept 2014], *lv. denied* 24 NY3d 1046 [2014]; *People v Smith,*

12

69 AD3d 657, 657 [2d Dept 2010], *lv. denied* 14 NY3d 844 [2010]).

**4. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED *SANDOVAL* AND *VENTIMIGLIA* HEARINGS.**

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v. Ventimiglia*, 52 NY2d 350 [1981], Defendant moves for the prosecution "to disclose to the defense any claimed or alleged vicious, criminal or immoral acts, conduct, behavior, offenses or convictions allegedly attributable to [Defendant]" (*see* Point 6, Page 3, of Defendant's Notice of Motion, Pages 18-19, Paragraphs 24-25, of Defendant's Affirmation in Support, and Point VI, Pages 14-15, of Defendant's Memorandum of Law). Defendant further requests "that a hearing occur with respect to the scope of cross-examination of the defendant regarding so-called acts of misconduct," and the admissibility of such evidence which the People intend to introduce on their case-in-chief (*see* Point VI, Page 15, of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Point E, Page 15, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case [pursuant to *People v Molineux*, 168 NY 264 [1901]], the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*Id.*).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for impeaching his

credibility or as substantive proof of any material issue in the case, nor designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

**5. MOTION FOR SEVERANCE.**

Citing CPL § 200.40, Defendant moves to sever the trial of the co-defendant and claims that Defendant "will be unduly prejudiced by a joint trial" (*see* Point 7, Page 3, of Defendant's Notice of Motion, Page 7, Paragraph 5, of Defendant's Affirmation in Support, and Point IV, Page 6 of Defendant's Memorandum of Law in Reply). Specifically, Defendant raises *Bruton* concerns and contends that as co-defendant Goodwine made oral statements, "[i]t is likely that the jury will not be able to distinguish or consider separately the evidence of criminal acts alleged to have been committed by a co-defendant, but not [Defendant], or [Defendant's] comparatively minor role in the scope of the alleged criminal activity" (*see* Page 7, Paragraph 5, of Defendant's Affirmation in Support, and Point IV, Page 11, of Defendant's Memorandum of Law). Defendant further contends that "should the co-defendant...have previously been convicted of crimes and/or have previously committed immoral acts, [counsel] anticipates impeaching the co-defendant with his prior records and prior bad acts" (*see* Page 7, Paragraph 6, of Defendant's Affirmation in Support). Finally, Defendant asserts that severance is required "due also to the ostensible antagonistic defenses" (*see* Point IV, Page 12, of Defendant's Memorandum of Law). In the alternative, Defendant seeks a hearing "to further determine the merits of this application for severance" (*see* Point IV, Page 13, of Defendant's Memorandum of Law).

14

In response, the People claim that defendants were properly joined in Indictment Number 72339-22 pursuant to CPL § 200.40 (1) (c), since the charges arise from the same incident, and that Defendant has failed to show undue prejudice (*see* Point C, Page 8, of the People's Memorandum of Law). Further, the People contend that as they have consented to a *Sandoval* hearing, the issues of prejudice can be raised at such time and that "[a]lthough a *Sandoval* ruling does not limit the cross-examination by a defendant...defendant has not shown how the position of his codefendant will necessarily be antagonistic to his defense at trial" (*see* Point C, Page 9, of the People's Memorandum of Law).

Further, the People claim that Defendant does not explain how "his role is lesser, thereby warranting severance," and that "a limiting instruction at trial would properly direct the jury to separately consider the proof as to each crime charged, thereby eliminating any prejudice to defendant" (*see* Point C, Page 9, of the People's Memorandum of Law). Finally, the People contend that Defendant's motion to sever his trial from that of his co-defendant because of *Bruton* concerns should be denied at this time, as such application is premature since pretrial hearings have not yet been granted or held to determine the admissibility of the co-defendant's statements (*see* Point C, Page 10, of the People's Memorandum of Law).

In reply, Defendant contends that "[t]he Confrontation Clause of the [United States] Constitution bars the admission, at a joint trial, of a non-testifying co-defendant's confession which serves to incriminate the defendant even if the jury is given a limiting instruction and even if the defendant's own confession is admitted against him," and re-asserts his position that due to the antagonistic defenses between the defendant and co-defendant, separate trials are required (*see* Point IV, Pages 6-7, of Defendant's Memorandum of Law in Reply).

Primarily, the Court finds that the joinder of Defendant and co-defendant Goodwine in Indictment Number 72339-22 is proper as "all the offenses charged are based upon the same criminal transaction" (CPL § 200.40 (1) (c)). Nonetheless, Defendant is entitled to seek severance "for good cause shown" which includes, but is not limited to, "a finding that a defendant...will be unduly prejudiced by a joint trial" (CPL § 200.40 (1)).

In *People v Mahboubian*, 74 NY2d 174, 183-184 [1989], the Court of Appeals, while recognizing that "[s]ome degree of prejudice is of course inherent in every joint trial," provided that "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that

15

the conflict alone would lead the jury to infer defendant's guilt" (*see People v Cardwell*, 78 NY2d 996, 997-998 [1991]; *People v Perry*, 194 AD3d 849, 850 [2d Dept 2021], *lv. denied* 37 NY3d 1098 [2021]; *People v Boylan*, 193 AD3d 964, 965 [2d Dept 2021]; *People v Caldwell*, 150 AD3d 1021, 1022 [2d Dept 2017], *lv. denied* 29 NY3d 1124 [2017]; *People v Lau*, 148 AD3d 932, 935 [2d Dept 2017]; *People v Lessane*, 142 AD3d 562, 563 [2d Dept 2016]; *People v Mack*, 89 AD3d 864, 865 [2d Dept 2011], *lv. denied* 18 NY3d 959 [2012]). Moreover, where, as here, "the proof of the charges against the defendant will be premised on the same evidence used to establish [his] codefendant's guilt, only the most cogent reasons would warrant a severance" (*People v Fassino*, 169 AD3d 921, 923 [2d Dept 2019], *lv. denied* 33 NY3d 975 [2019]; *see People v Mahboubian*, 74 NY2d at 183; *People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert. denied* 416 US 905 [1974]; *People v Gordon*, 197 AD3d 723, 724 [2d Dept 2021]; *People v Boylan*, 193 AD3d at 965; *People v Caldwell*, 150 AD3d at 1022; *People v Turnbull*, 52 AD3d 747 [2d Dept 2008], *lv. denied* 11 NY3d 836 [2008]).

While recognizing that this Court must apply the standard set forth in *Mahboubian* "prospectively, based on its discretionary assessments of the strategies and evidence as forecast by the parties" (*People v Mahboubian*, 74 NY2d at 184-185; *see People v Cardwell*, 78 NY2d at 998; *People v Lessane*, 142 AD3d at 564), there has not been anything forecast showing that "a joint trial necessarily will…result in unfair prejudice to the moving party and substantially impair [his] defense" (*People v Gordon*, 197 AD3d at 724, quoting *People v Mahboubian*, 74 NY2d at 184; *see People v Fassino*, 169 AD3d at 923). Further, because "severance is not required solely because of hostility between the defendants, differences in their trial strategies or inconsistencies in their defenses" (*People v Gordon*, 197 AD3d at 724, quoting *People v Mahboubian*, 74 NY2d at 184; *see People v Fassino*, 169 AD3d at 923; *People v Davydov*, 144 AD3d 1170 [2d Dept 2016], *lv. denied* 29 NY3d 996 [2017]), Defendant's speculative contention that a joint trial is required "due…to the ostensible antagonistic defenses" (*see* Point IV, Page 12, of Defendant's Memorandum of Law) does not provide the necessary cogent reason to warrant severance (*see People v Bornholdt*, 33 NY2d at 87; *People v Martin*, 154 AD2d 554 [2d Dept 1989], *lv. denied* 75 NY2d 815 [1990]; *People v Gonzalez*, 137 AD2d 558 [2d Dept 1988], *lv. denied* 72 NY2d 957 [1988]).

Regarding Defendant's claim that severance is warranted pursuant to *Bruton v United States*, 391 US 123 [1968], because his Sixth Amendment right to confrontation may be violated

16

by the introduction into evidence of an extrajudicial statement or admission by a non-testifying co-defendant when the confession or admission implicates the defendant (*see* Point IV, Page 12, of Defendant's Memorandum of Law and Point IV, Page 6, of Defendant's Memorandum of Law in Reply), this Court is unaware of any such extrajudicial confession or admission that implicates the defendant in the charged crimes.

In *Bruton*, the Supreme Court held that, in a joint trial of codefendants, it was a violation of a defendant's right of cross-examination to admit into evidence the confession of a codefendant which implicated the defendant. In *Richardson v Marsh*, 481 US 200 [1987], "the Supreme Court explained that *Bruton*'s rule that the admission of a non-testifying codefendant's statements deprives a defendant of the Sixth Amendment right of confrontation applies to facially incriminating statements, and not statements that [may] incriminate based on linkage to other evidence introduced at trial" (*People v Johnson*, 27 NY3d 60, 68-69 [2016], citing *Richardson v Marsh*, 481 US at 208; *see People v Williams*, 204 AD3d 704, 706 [2d Dept 2022]; *People v Caldwell*, 150 AD3d at 1022-1023). "The critical question to be considered in a *Bruton* analysis is whether the statements inculpate the defendant" (*People v Johnson*, 27 NY3d at 71)

In the case at bar, because the noticed statements of co-defendant Goodwine, as reflected in the CPL § 710.30 (1) (a) Notices do not "directly implicate the defendant" (*see People v Villanueva*, 168 AD3d 769 [2d Dept 2019], *lv. denied* 33 NY3d 955 [2019]; *People v Gilocompo*, 125 AD3d 1000, 1001 [2d Dept 2015], *lv. denied* 25 NY3d 1163 [2015]; *People v Mack*, 89 AD3d at 866) and, thus, are "not 'facially incriminating' statements" (*People v Caldwell*, 150 AD3d at 1023, quoting *Richardson v Marsh*, 481 US at 207); *see People v Villanueva*, 168 AD3d at 770), *Bruton* does not apply and no violation of the Confrontation Clause exists. Accordingly, Defendant's motion for severance is denied in its entirety.

Notwithstanding the above, if additional statement information from co-defendant Goodwine becomes known that directly implicates Defendant in the crimes charged, the Court will entertain a renewed application for severance.

## 6. MOTION FOR A BILL OF PARTICULARS.

Citing CPL § 200.95, Defendant requests that the People "provide a bill of particulars" as he "cannot adequately prepare or conduct his defense without the information requested" (*see* Page

21, Paragraphs 28-29 of Defendant's Affirmation in Support and Point III, Pages 4-6, of Defendant's Memorandum of Law in Reply).[6]

The People argue that Defendant's request for a Bill of Particulars should be denied as untimely and unnecessary (*see* Point H, Page 19, of the People's Memorandum of Law).[7]

CPL § 200.95 (2) requires that "[u]pon a timely request for a bill of particulars...the prosecutor shall within fifteen days of the service of the request [for such] or as soon thereafter as is practicable, serve upon the defendant or his/her attorney, and file with the court, the bill of particulars." Pursuant to CPL § 200.95 (3), "[a] request for a bill of particulars shall be timely if made within thirty days after arraignment and before the commencement of trial," and "the court may direct compliance with a request for a bill of particulars that, for good cause shown, could not have been made within the time specified."

To the extent that Defendant's demand for a bill of particulars is being made for the first time through his Omnibus Motion, because good cause has not been shown as to why such request could not have been made within thirty days after his arraignment, it is untimely.

Moreover, notwithstanding the untimeliness of the request, the "relevant facts," as set forth on Pages 1-3 of the People's Affirmation in Opposition, and the discovery provided to Defendant, including the Grand Jury minutes, provide sufficient factual information to amplify the respective counts pending against Defendant.

Because a criminal bill of particulars is not a discovery device but merely serves to clarify the indictment, and it need not set forth the evidence that the People intend to introduce at trial (*see People v Davis*, 41 NY2d 678, 680 [1977]; *People v Perillo*, 144 AD3d 1399, 1403-1404 [3d Dept 2016], *lv. denied* 29 NY3d 951 [2017]; *People v Ramlall*, 99 AD3d 815, 816 [2d Dept 2012]; *People v Zurita*, 64 AD3d 800, 801 [2d Dept 2009], *lv. denied* 13 NY3d 840 [2009]; *People v Earel*, 220 A.D.2d 899 [3d Dept 1995], *aff'd* 89 NY2d 960 [1997]; CPL § 200.95 (1) (a)), this Court finds that the information provided in the People's Affirmation in Opposition and in the

---

[6] Defendant also requests to be able to file "such further discovery application[s] as may be necessary to protect and preserve the rights of the accused, or which may be necessitated by disclosure obtained by this or co-related motions" (*see* Point 8, Page 3, of Defendant's Notice of Motion).

[7] The People also contend that "[a]ny motion by defendant for [further] discovery within the parameters of CPL Article 245 is moot because, to the extent that such material exists and is in [the] possession or control of the People, it has or will be provided" and that "[a]ny motion by defendant for discovery outside of CPL Article 245 should be denied as unauthorized" (*see* Point G, Pages 17-18, of the People's Memorandum of Law).

materials disclosed pursuant to CPL § 245.10 (1), satisfy "[t]he sole function of a bill of particulars, [which] is to define more specifically the crime or crimes charged in the indictment" (*People v Davis*, 41 NY2d at 679 [1977]; *see People v Elliot*, 299 AD2d 731, 732 [3d Dept 2002]; *Matter of Cosgrove v Doyle*, 73 AD2d 808, 809 [4th Dept 1979]; *People v Raymond G.*, 54 AD2d 596, 596 [3d Dept 1976]). Accordingly, Defendant's motion is denied.

## 7. RESERVATION OF RIGHT TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Pages 3-4 of Defendant's Notice of Motion and Page 22, Paragraph 30, of Defendant's Affirmation, and Page 15 of Defendant's Memorandum of Law) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte*, 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

## 8. MOTION FOR *BRADY* MATERIAL.

Citing *Brady v Maryland*, 373 US 83 [1963], Defendant moves for an order directing the People to provide all "favorable evidence or information…which is within the possession, custody, or control of the District Attorney and known by him to exist, or which by the exercise of due diligence on his part should become known to him to exist" (*see* Page 19, Paragraph 26, of Defendant's Affirmation in Support).

In response, the People acknowledge "their continuing obligation to disclose exculpatory evidence that is within their possession pursuant to *Brady v Maryland* (373 US 83 [1963]) and *People v Fein* (18 NY2d 162 [1966])," and state that "[t]o the extent such material becomes known

19

and is in possession of the people, it will be provided to the defendant" (*see* Point F, Page 16, of the People's Memorandum of Law).

The People are respectfully reminded to remain cognizant of their discovery obligations not only as required by *Brady*, *Giglio v United States*, 405 US 150 [1972], *People v Geaslen*, 54 NY2d 510 [1981], and their respective progeny, but also as mandated by CPL Article 245. Specifically, CPL § 245.20 (1) (k) requires that the prosecutor disclose "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in this case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" and such disclosure must occur expeditiously upon its receipt, "whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information."

Pursuant to CPL § 245.20 (1) (l), the People must also disclose "a summary of all promises, rewards and inducements made to, or in favor of, persons who may be called as witnesses, as well as requests for consideration by persons who may be called as witnesses and copies of all documents relevant to a promise, reward or inducement."

To the extent that such evidence and information is known but has not yet been disclosed, the People are directed to do so expeditiously. Further, should the People ascertain the existence of *Brady, Geaslen*, or *Giglio* material, or of any of the materials and information itemized in CPL § 245.20 (1) (k) and (l), through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon its receipt.

20

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
       January 31, 2023

HONORABLE ROBERT J. PRISCO
County Court Judge

To:    HON. MIRIAM E. ROCAH
       Westchester County District Attorney
       111 Dr. Martin Luther King Jr. Blvd.
       White Plains, New York 10601
       Attn: Assistant District Attorney Celia Curtis


       LAW OFFICE OF THOMAS SAMUEL
       KAJUBI, PLLC
       Attorney for Defendant Felix Bruno
       271 North Avenue, Suite 1017
       New Rochelle, New York 10801
       Attn: Thomas S. Kajubi, Esq.

[* 21]